IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF THE TUG MISS PEGGY LLC AND | § | |
| CHERYL K., LLC, AS OWNER AND | § | C.A. NO. 4:18-cv-2796 |
| OPERATOR, RESPECTIVELY, OF THE | § | |
| TUG MISS PEGGY FOR EXONERATION | § | |
| FROM OR LIMITATION OF LIABILITY | § | (ADMIRALTY) |

**<u>VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY</u>**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW The Tug Miss Peggy LLC and Cheryl K., LLC, as owner and operator, respectively, of the Tug MISS PEGGY (hereinafter sometimes jointly referred to as "Petitioners"), to file this, their Verified Complaint for Exoneration From or Limitation of Liability, and respectfully show the following:

**I.**

1. This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**II.**

2. At the time of the incident which forms the basis of this suit, The Tug Miss Peggy LLC was a business entity organized and existing under the laws of Texas with its registered office located in Richmond, Texas. The Tug Miss Peggy LLC was the owner of the Tug MISS PEGGY at the time of the incident which forms the basis of this suit.

3. At the time of the incident which forms the basis of this suit, Cheryl K., LLC was a business entity organized and existing under the laws of Texas with its registered office located

in Onalaska, Texas.  Cheryl K., LLC was the operator of the Tug MISS PEGGY at the time of the incident which forms the basis of this suit.

### III.

4.      The Tug MISS PEGGY is a twin screw Tugboat built in 1976.  The MISS PEGGY is 50.3 feet in length, with a beam of 20.4 feet and bears Official Number 570798.

5.      As shown in the Declaration of Value, attached hereto as Exhibit A and incorporated herein by reference for all purposes, the Tug MISS PEGGY and all its appurtenances, excluding pending freight, was valued at $420,000.00 (FOUR HUNDRED TWENTY THOUSAND AND NO/100s DOLLARS) immediately following the incident at issue herein.

6.      As shown in the Declaration of Pending Freight, attached hereto as Exhibit B and incorporated herein by reference for all purposes, the Tug MISS PEGGY was not on hire at the time of the incident such that the cost for the services the MISS PEGGY provided at the time of the incident on March 20, 2018, was $0.00 (ZERO AND NO/100 DOLLARS).

### IV.

7.      On or about March 20, 2018, the Tug MISS PEGGY was awaiting instructions at Southwest Shipyard in Channelview, Texas.  While the tug was preparing to leave the dock, Justin Odom, who was in the course and scope of his employment as a deckhand for Cheryl K., LLC, was injured when he stepped in and was caught in the bight of a mooring line.

### V.

8.      On March 26, 2018, Mr. Odom filed suit against Cheryl K., LLC in the 190th Judicial District Court of Harris County.  Petitioners' first written notice of Mr. Odom's claim against either Petitioner was in the form of service of process to Cheryl K., LLC in the above

referenced Harris County lawsuit on April 11, 2018.  Pursuant to Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims, this action is being filed within six (6) months of Petitioners' first notice of the claim.

      9.      Mr. Odom's suit was filed in Harris County and includes causes of action brought under the Jones Act.  The Southwest Shipyard where the incident which forms the basis of this suit occurred is located in Channelview, Harris County, Texas.  Accordingly, Petitioners submit that venue for Mr. Odom's suit is proper in Houston pursuant to the mandatory venue provisions for Jones Act cases contained in Texas Civil Practice and Remedies Code Chapter 15.0181(d)(1).  Further, as Harris County is within the Southern District of Texas, venue is proper in the Houston Division of the Southern District of Texas pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**VI.**

      10.      The incident described above and any damages claimed as a result thereof were in no way caused or contributed to by any fault, neglect or want of due care on the part of Petitioners.

      11.      At the time of the incident which forms the basis of this suit, Petitioners used due diligence to make and maintain the Tug MISS PEGGY in all respects seaworthy, and the Tug MISS PEGGY was, in fact, at all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service in which it was engaged.

      12.      The incident described above and any damages claimed as a result thereof occurred without the fault, privity or knowledge of Petitioners.

      13.      The incident described above and any damages claimed as a result thereof were

proximately caused in whole or in part by the negligence of Justin Odom.

14. Each claimant's alleged injuries and damages, if any, are the result in whole or in part of the acts and/or omissions of third parties and/or instrumentalities over which Petitioners exercised no right of control and for which Petitioners have no legal liability.

15. To the best of Petitioners' knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the Tug MISS PEGGY and the vessel has not been and is not presently under seizure as a result of any claims or demands.

16. Petitioners desire to contest their liability and the liability of the Tug MISS PEGGY for any claims made and/or that may be made against them as they have valid defenses in fact and in law thereto.  Petitioners further claim the benefits of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*. and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

**VII.**

17. Contemporaneous with this filing, Petitioners file their *Ad Interim* Stipulation for an amount equal to the value of Petitioners' interest in the Tug MISS PEGGY and its pending freight plus interest thereon at the rate set forth in Rule F.  The *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount thereof is not contested by any claimant herein.

**VIII.**

18. All and singular, the above premises of this Complaint are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and

maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, The Tug Miss Peggy LLC and Cheryl K., LLC, as owner and operator, respectively, of the Tug MISS PEGGY, pray that:

1. upon the filing of the *Ad Interim* Stipulation in the amount of $420,000.00 (FOUR HUNDRED TWENTY THOUSAND AND NO/100s DOLLARS), the Court, in accordance with the Federal Rules, shall cause a Monition to be issued to all persons asserting claims in the respect to which The Tug Miss Peggy LLC and Cheryl K., LLC ("Petitioners") seek limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

2. the Court, upon filing of the *Ad Interim* Stipulation, issue an injunction restraining the filing, commencement, and further prosecution in any Court whatsoever and all suits, actions, and legal proceedings of any nature or kind whatsoever against Petitioners and/or the Tug MISS PEGGY and/or their underwriters, and/or their insurers, whether *in personam*, or *in rem*;

3. if any claimant, who shall file its claim under oath, files an exception controverting the value of the Tug MISS PEGGY in its condition as alleged herein, or to the amount of the *Ad Interim* Stipulation, the Court shall cause due appraisal to be made of the value of the Tug MISS PEGGY and its freight earned, if any, during the time referred to in the Complaint, and the value of Petitioners' interest therein; and, in the event said appraised value exceeds the limitation fund or security filed with the Court, that this Honorable Court enter an Order for the payment into the Court of the higher value of Petitioners' interests therein, or for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

4. the Court adjudge that Petitioners are not liable to any extent whatsoever for any losses, damages, or injuries, and for any claims arising in consequence of the matters, happenings and events stated in this Complaint, and exonerate Petitioners from liability therefor;

5. in the alternative, if this Court should adjudge that Petitioners are liable in any amount whatsoever, the Court adjudge said liability as limited to the value or amounts of interests of Petitioners in the Tug MISS PEGGY and its pending freight, if any; that the monies paid or ordered to be paid may be divided pro rata among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging Petitioners from all other liabilities; and,

6.     that Petitioners have such other and further relief as they may be entitled at law, in equity or in admiralty, including the right to supplement and amend these pleadings in order to achieve justice.

Respectfully submitted,

EASTHAM, WATSON, DALE AND FORNEY, L.L.P.

*/s/ Robert L. Klawetter*

Robert L. Klawetter
Federal I.D. 2471
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
Federal I.D. 25142
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX  77002
Telephone:  (713) 225-0905
Facsimile:  (713) 225-2907

*Attorneys for Petitioners*
*The Tug Miss Peggy LLC and*
*Cheryl K., LLC*

## VERIFICATION

STATE OF TEXAS §
§ KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day did personally appear Robert L. Klawetter, known to me to be the person executing this affidavit and upon having been duly sworn upon his oath did depose and state as follows:

1. My name is Robert L. Klawetter. I am over 18 years of age, of sound mind and have never been convicted of a felony or crime involving moral turpitude. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the lead counsel for The Tug Miss Peggy LLC and Cheryl K., LLC, in the action to be filed in the Southern District of Texas, Houston Division, styled *In the Matter of the Complaint of the Tug Miss Peggy LLC and Cheryl K., LLC, as Owner and Operator, Respectively, of the Tug MISS PEGGY For Exoneration from or Limitation of Liability.*

3. I have read the Complaint for Exoneration from or Limitation of Liability with which this Verification is filed, and certify that the facts contained therein are true and correct based upon my personal knowledge and/or best information and belief. The sources of my information and the grounds for my belief as to all matters stated herein are documents of and communications with said corporations and/or their employees.

Further Affiant sayeth not.

By: _____
Robert L. Klawetter

GIVEN UNDER my hand and official seal of office this 14th day of August 2018.

_____
Notary Public in and for The State of Texas
My Commission Expires: 3/10/2022

JANETTE GOMEZ
NOTARY PUBLIC-STATE OF TEXAS
Notary ID# 12611374-8
My Comm. Exp. March 10, 2022

23,223♦8PJAG8120